UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MICHAEL J. VAN STEENBURG, VS TECHNOLOGY, INC., and VEOLECTRA, INC, | § § § § | No. SA:14–CV–976–DAE |
| Plaintiffs, | § § | |
| vs. | § § | |
| ROBERT HAGEMAN and RADIANT SOLUTIONS, INC., | § § § | |
| Defendants. | § | |

ORDER DENYING MOTION TO WITHDRAW AS COUNSEL

Before the Court is an Unopposed Motion to Withdraw as Attorneys of Record for Defendants/Third-Party Plaintiffs Robert H. Hageman and Radiant Solutions, Inc. ("Defendants") filed by Conley Rose, P.C., Darlene Ghavimi, and Charles Rogers ("Conley Rose"). (Dkt. # 48.) After considering the Motion, and for the reasons stated below, the Court **DENIES** the Motion **WITHOUT PREJUDICE** pending reconsideration after the hearing scheduled for March 26, 2015.

"An attorney may withdraw from representation only upon leave of the court and a showing of good cause and reasonable notice to the client." In re Matter of Wynn, 889 F.2d 644, 646 (5th Cir. 1989). The withdrawing attorney bears the burden of proving the existence of good cause for withdrawal. See Fed.

1

Trade Comm'n v. Intellipay, Inc., 828 F.Supp. 33, 34 (S.D. Tex. 1993). The decision whether to grant an attorney's motion to withdraw is "entrusted to the sound discretion" of the district court. Wynn, 889 F.2d at 646 (citation omitted). Whether an attorney has good cause to withdraw from representation depends upon the facts and circumstances of each case. Augustson v. Linea Aerea Nacional-Chile S.A. (LAN-Chile), 76 F.3d 658, 663 (5th Cir. 1996). "[I]n assessing whether counsel has good cause to resign, federal courts look to multiple factors," including whether withdrawal would cause "undue delay in the proceedings" or "prejudice to the client," and whether withdrawal is in "the interests of justice." Dorsey v. Portfolio Equities, Inc., No. 3:04–CV–0472–B, 2008 WL 4414526, at *2 (N.D. Tex. Sept. 29, 2008) (citations omitted).

Conley Rose moves to withdraw because Defendants have failed to substantially fulfill their obligation to pay under their written fee agreement. (Dkt. # 48 at 2.) The Fifth Circuit has recognized that counsel may have good cause to withdraw when a client "refuses to pay for services." Augustson, 76 F.3d at 663. However, the Court must also consider the remaining facts and circumstances of the case. See Dorsey, 2008 WL 4414526, at *2 (recognizing that the "inquiry cannot end upon a simple finding that a client is behind on the payment of his legal fees, because the existence of good cause depends on the facts and circumstances of each case").

The Court is set to hear oral argument on three motions in this case on March 26, 2015: a Motion to Remand and a Motion for Leave to File First Amended Complaint filed by Plaintiffs, and a Motion to Dismiss for Lack of Jurisdiction and Insufficient Service of Process filed by Third-Party Defendant Corporación EG S.A. de C.V.  (Dkt. # 36.)  All three motions have been fully briefed by the parties.  Conley Rose asks the Court to postpone the hearing until Defendants have obtained new counsel; Conley Rose further indicates that Plaintiffs are unopposed to continuing the hearing, but that Third-Party Defendants are opposed to a continuance.  (Dkt. # 48 at 3.)

District courts enjoy broad discretion in managing their dockets and in deciding requests for continuances.  United Staes v. Stalnaker, 571 F.3d 428, 439 (5th Cir. 2009).  The hearing has already been continued once, and the Court finds that postponing the hearing indefinitely until Defendants locate new counsel would cause an undue delay in the proceedings.  The Court further finds that allowing Conley Rose to withdraw before the hearing would result in prejudice to Defendants, who would not have sufficient time to obtain new counsel prior to the hearing, while imposing a minimal burden on counsel to appear.  The Court therefore finds that Conley Rose's Motion must be **DENIED WITHOUT PREJUDICE**.  After the hearing, Conley Rose may re-file the Motion for the Court's consideration.

**IT IS SO ORDERED.**

**DATED:** San Antonio, Texas, March 20, 2015.

_____
David Alan Ezra
Senior United States Distict Judge